Fitch v. Gottschalk.

## EVIDENCE—ACCOUNTS.

[Hamilton (1st) Circuit Court, February 18, 1905.]

Jelke, Swing and Giffen, JJ.

### GEORGE A. FITCH v. A. R. GOTTSCHALK.

EVIDENCE—CONTRADICTION OF WRITING SHOWING SETTLEMENT OF ACCOUNT—WRITING MORE THAN A RECEIPT.

F owed G an account for goods sold, and G accepted a cash payment and five notes giving F a paper writing stating that such were received "in full settlement of claim * * · * in accordance with agreement of G." In an action on the account brought after F had failed to pay the notes, it was held error to admit testimony tending to show that the settlement was on condition that the notes be paid when due, as such evidence tended to contradict the plain terms of the paper writing, such writing being more than a receipt and, in effect, evidence of an agreement upon a settlement.

[For other cases in point, see 4 Cyc. Dig., "Evidence," §§ 2917-2939, 3007.—Ed.]

ERROR to Hamilton common pleas court.

**C. L. Hopping,** for plaintiff in error.

**John Weitzel,** for defendant in error.

GIFFEN, J.

This action was commenced to recover upon an account for groceries furnished in the sum of $91.70. The defense was that the plaintiff accepted and received in full satisfaction and discharge of the cause of action the sum of $10 in cash and defendant's five certain promissory notes for $10 each, made payable to the order of the plaintiff. Plaintiff, by reply, alleged that the notes were taken in settlement upon condition only that they were paid when due, and averred that they were not so paid, and that he tendered the notes back.

The defense of full settlement of the claim is based upon the following written instrument:

"Cincinnati, O., April 2, 1903.

"Received of Chas. L. Hopping, attorney for George A. Fitch, fourteen and fifty one-hundredths dollars ($14.50) in cash, $10.00 to be applied on account, and $4.50 to meet payment of costs, and five notes, dated April 2, 1903, each for $10.00, and payable in one, two, three, four and five months after date, in full settlement of claim of A. R. Gottschalk, grocer, against the said George A. Fitch, in accordance with agreement of A. R. Gottschalk, and a further agreement to immediately release attachment, dismiss suit pending before Chas. T. Dumont, J. P., and payment of all costs of said suit.

"(Signed)    JOHN WENTZEL,

"Attorney for A. R. Gottschalk."

Hamilton County.

The court received over the objection of the defendant testimony tending to prove that at the time said settlement was made, before said paper writing was given, there was a separate agreement with A. R. Gottschalk referred to in writing by which it was agreed and understood that if such notes were not paid when due, the plaintiff should have the right on his original claim to enforce the same by action. That such first note was not paid when due, and that plaintiff had offered to return said note; to all of which the defendant excepted.

The paper referred to is something more than a mere receipt; it shows that the parties agreed upon a settlement of the account, and that in fulfillment of that settlement the defendant paid to the plaintiff $14.50, and delivered to him five notes of $10 each. This was an extinguishment of the original account, and the cash and notes were accepted—in the language of the parties—"in full settlement."

It is contended, however, that the clause "in accordance with agreement of A. R. Gottschalk" permitted the plaintiff to show that the notes were accepted upon condition that they would be paid when due. If the payment of the cash and delivery of the notes was settlement in full, there could be no condition attached thereto, and any testimony tending to prove such condition would contradict the plain terms of the instrument itself. The natural construction of the clause is that the receipt of the cash and notes in full settlement was in accordance with an agreement already made by the attorney's principal. This conclusion is supported by the case of *Jackson* v. *Ely,* 57 Ohio St. 450, in which the first proposition of the syllabus is as follows:

"A written instrument in the following terms:

" '15.50.　　　　　　　　　　Wooster, Ohio, May 13, 1890.

" 'This is to certify that I have this day settled with John Ely, and he has paid me all he owed me, up to this date, and I have no claims or demands against him of any kind whatsoever.—MRS. WM. JACKSON,' is not a mere receipt, but contains an agreement to the effect that the parties have come to a settlement of all the accounts then existing between them, and agreed upon the balance due from one to the other; its terms clearly import that all matters of account existing between the parties at the time were included in the settlement; and as parol evidence which tends to prove that certain matters of account, then existing, were not included in such settlement, would contradict the writing in this respect, it is not admissible."

Fitch v. Gottschalk.

We are of opinion, therefore, that the court erred in receiving testimony objected to, and that the answer stated a complete defense to the cause of action stated in the petition.

Judgment reversed and cause remanded for new trial.

**Jelke** and **Swing, JJ.,** concur.